By the Court,

Cowen, J.
The merits of the case were most •clearly with the defendant on the issue upon the seventh plea, the substance of which was fully proved and the charge of the judge correct; nay, more favorable for the plaintiffs than they could legally ask.
But still, I think that the judge’s remark was too strong on the evidence as applicable to the notice, which set up a naked voluntary escape irrespective of any insolvent discharge. The reply of the sheriff to John Savage was not sufficient to warrant the jury in finding- a voluntary escape. As the question comes up on bill of exceptions, there must be a new trial on this ground, unless the case forms an exception to the general rule. Non constat, but the jury may have acted upon this view in finding as they have under the notice. I think they did.
Yet we think a serious question arises, whether a court *209 of error ought to reverse our judgment, should we, upon this bill, refuse a new trial. Had the exception stood alone on the error in respect to the notice, perhaps it ought; but the bill presents a case upon the whole of which it is impossible for the plaintiffs to recover. It shows that under one plea, (the 7th,) the plaintiffs are barred of their action; but insists they are not so under the notice. It admits that a judgment for the plaintiffs would be wrong, though the verdict should be for the defendants under the notice. Upon such a state of things, a new trial must be entirely useless. This can be seen as well by the court of errors as by us; for the whole bill of exceptions must go there. The case is not such an one as might arise were there two several bills of exceptions, the one in respect to the plea unavailable, and that in respect to the notice well founded. Had the bills been thus separate, as it is the practice to make them in some of the states, the plaintiffs might Avaive the one in respect to the plea, and go into the court of errors on the Avell founded bill. In such case, it might be proper for us to notice such a consequence, and order a neAv trial; though even then, the verdict on the plea would, perhaps, appear to be wholly unimpeached—for I do not see how the court of errors could be brought to suppose that the error in respect to the notice had any influence on the verdict under the plea. However that might be, it is quite clear on the case before us; for the bill shows expressly that the verdict on the plea proceeded independently of the evidence applicable to the notice; and that, too, upon sufficient evidence to sustain the plea.
The short of the case is, there was an error; but such an one as, on the plaintiffs’ own showing, could not possibly work the least injury. It is then in principle like the case of a judge erroneously receiving evidence to a fact against the party; to Avhich he excepts, but afterwards insists upon and proves the same fact himself. That has been often allowed to defeat the effect of the exception. *210 I believe it has generally been called a waiver of the exception ; but where the very party who takes it, shows that it must eventually avail nothing, or where the record shows- this conclusively, the case comes to the same thing. To warrant' a writ of error upon a bill of exceptions, we think there must-appear to be some possibility of injury arising out of the matter excepted to. An error in the mere abstract, for instance, as if the judge should err upon a point of law having no possible connection with the case, has been held so entirely innocent as not to form the subject of a writ of error. Cases which would justify a court of error in disregarding objection's on this principle, are collected in Cowen Hill's Notes to 1 Phil. Ev. p: 787, 8. And I think they afford a clear warrant for refusing a new trial in the case at bar.
The motion made in behalf of the defendant for a judgment on the special verdict is granted.
Ordered accordingly.